Matter of M/V *ARNFINN STANGE*

In FINE Proceedings

NOL 10/61.123

*Decided by Board April 29, 1960*

Fine—Section 254(a)(2), 1952 act—Incurred for failure to detain on board until landing permit issued—Notice to detain not required.

(1) Vessel's agents are liable for fine without specific notice for failure to detain on board an alien crewman who is inspected and refused landing privileges (section 254(a)(2) of act).

(2) Possession of crewman's landing permit, Form I-184, does not constitute advance permission to go ashore. Crewman is required to request landing privileges on each arrival with discretionary authority in boarding immigration officer to grant or deny request.

IN RE: M/V *Arnfinn Stange*, which arrived at the port of New Orleans, La., from foreign on November 13, 1959; alien crewman involved: A——B——.

BASIS FOR FINE: Section 254 of Immigration and Nationality Act (8 U.S.C. 1284).

**BEFORE THE BOARD**

**Discussion:** This appeal is directed to an administrative penalty of $600, $1,000 mitigated to the extent of $400, which the District Director at New Orleans has ordered imposed on the vessel's agents, Smith & Johnson, Inc. The specific violation charged is failure to detain the above-named alien crewman on board the vessel after he was refused a conditional landing permit.

Immigration inspection of the vessel's crew was conducted immediately upon its arrival from foreign, *supra.* This crewman then presented a Form I-184,[1] which the boarding immigration officer revoked and picked up. He also then told the crewman and the master that the former was not permitted to go ashore.[2] It further appears, although the Service cannot locate a copy of same, that the

---

[1] 8 CFR 252.4 authorizes the issuance of such a form as a permanent type landing permit, and provides that it shall be valid indefinitely for an unlimited number of conditional landings without endorsement on each arrival; that it shall be valid until revoked; and that on revocation it shall be surrendered to an immigration officer.

[2] See sworn statements, Form I-215a, made by them November 22, 1959.

639

boarding immigration officer then issued a conditional landing permit stamped "Refused" as to the crewman.[3]

The crewman left the vessel at about 11:30 a.m. on November 22, 1959. Approximately one hour later an immigration officer, accompanied by the master, took him into custody in a bar not too far removed from the vessel. He was thereafter taken to a Border Patrol station for processing, and some 4 or 5 hours later he was placed back aboard the vessel. At that time Form I-259[4] executed as to him was served on the master. He was subsequently removed from the United States by the responsible parties, at no expense to the government.[5] These fine proceedings were then instituted against the vessel's agents.[6]

As to crewmen arriving abroad vessels in United States ports, section 254(a) of the Immigration and Nationality Act imposes three separate and distinct, though closely related, duties which the parties named in the statute, including the vessel's agents, are charged with the responsibility of meeting. Failure to perform these duties subjects those parties, agents included, to the penalty specified in the statute.

Subsection (1) requires crewmen to be detained on board an arriving vessel until an immigration officer has completely inspected them. It does so without the necessity of individual notice. The reason is that the law itself, without more, serves as notice.[7]

Subsection (2) compels crewmen to be detained on board after inspection, unless and until they are issued landing permits. Again, there is no requirement of individual notice. The reason, likewise, is that the statute itself serves as notice to continue the detention until such time as an immigration officer lifts it by issuing a conditional landing permit. When and if he does do so, the terms of the permit constitute full notice to all, agents included, of the limitations placed on the individual crewman's landing. While a permit may not be furnished the agents, the statute makes them responsible nevertheless.[8]

Subsection (3) necessitates the deportation of crewmen, either before or after they are permitted to land temporarily, if the Service

---

[3] Immigration officer's memo for file, dated March 10, 1960, indicates that apprehending officer's report (Form I-213) would not have contained the statement "refused landing permit was issued," unless he had seen a Form I-95 "Refused" executed as to the crewman.

[4] Notice to Detain on Board and Deport.

[5] Apparently, this was accomplished on the vessel's next foreign sailing.

[6] Form I-79, Notice of Intention to Fine, receipted November 27, 1959.

[7] See *Matter of SS. Marilena*, 7 I. & N. Dec. 453.

[8] *Ibid.*

requires it. Here, notice is essential and this is of a personal nature. The reason is the use of the words "if required" in the statute.[9]

Part 252, Title 8, Code of Federal Regulations, implements the statute and spells out the conditions under which the landing of alien crewmen may be permitted. The provisions thereof, which have the force and effect of law, are controlling here.

8 CFR 252.1(a) requires all persons employed in any capacity on board any vessel arriving in the United States to be detained on board by the master or agents of the vessel until admitted or otherwise permitted to land by an immigration officer. Subsection (b) thereof provides that the examination of crewmen arriving in the United States shall be in accordance with this part, with certain exceptions not here applicable. Subsection (c) compels every alien crewman applying for landing privileges in the United States to make his application in person before an immigration officer and to present whatever documents are necessary to establish that he is clearly and beyond doubt entitled to landing privileges in this country. Subsection (d) places the granting or denial of landing privileges solely within the discretion of the boarding immigration officers. Subsection (e) specifies that such officer must issue a Form I-95 to each crewman whom he authorizes to land, unless the crewman already has a Form I-184 *and is landed under* (d)(1), *supra.* Subsection (f) has no bearing on this case.

8 CFR 252.2 provides for the revocation of conditional landing permits. It authorizes the taking into custody of a crewman landed under (d)(1), *supra*, within the period of time for which he was admitted and without a warrant of arrest. It requires that when this is done the crewman be placed back aboard the vessel; that his conditional landing permit be taken up and revoked; and that a notice to detain and deport the crewman be served on the master of the vessel on Form I-259.

The facts of record, viewed in the light of the pertinent provisions of the statute and the related regulations set forth above, establish that the district director has correctly decided that a violation of section 254(a)(2) of the Immigration and Nationality Act has occurred, and that the appellants, as agents for the vessel, are responsible therefor. Accordingly, we will dismiss the appeal.

Subsections (1) and (2) of section 254(a) of the Immigration and Nationality Act, as well as 8 CFR 252.1(a), required these agents to detain this crewman aboard the vessel at all times until he was granted conditional landing privileges. But these privileges were never granted in this case. Therefore, the agents had the duty of detaining this crewman aboard the vessel, at all times, which they failed to meet. Hence, the provisions of subsection (3) of section

---

[9] *Ibid.*

641

254(a) of the Immigration and Nationality Act did not come into play and the requirement of notice to the agents to detain the crewman never came into existence.

The crewman's Form I-184 did not constitute advance permission to him to go ashore. 8 CFR 252.1(b) completely negatives the claim that it did, since it required the crewman to personally request shore leave privileges on each arrival, including this one. Also, 8 CFR 252.1(d) gave the boarding immigration officer discretionary authority to grant or deny the requested landing privileges. Here, he properly denied them on the basis of a record of this crewman's prior deportation.

The revocation of the crewman's Form I-184 was not governed by the provisions of 8 CFR 252.2, as urged. The reason is that this regulation only applies in cases where shore leave privileges have been granted, which was not the case here. Therefore, the requirement of notice to detain on board and deport this crewman on Form I-259, spelled out in these regulations, never came into existence, either as to the master or the agents.

The service of the Form I-259 on the master after the crewman's return to the vessel has no bearing whatsoever on the case now before us. This was merely a fulfillment of the notice requirement to serve as the basis for a possible penalty under section 254(a)(3), in the event the crewman should leave the vessel after having been placed back aboard.

The district director's decision to reduce the penalty to the extent of $400 was based on the fact that the master assisted the Border Patrol in locating and apprehending the escapee and that he was removed by the responsible parties at no expense to the government. We agree with the district director that the factors merit mitigation. However, we think the amount thereof should be $500.

Maximum mitigation of the penalty, as requested, is not merited in these premises. As pointed out by the district director, proper precautions were not taken by the responsible parties. Despite the fact that it was known that the crewman was not permitted to go ashore, professional guards were not hired; the crewman was not confined to quarters; his papers were not lifted; and the vessel's officers were not instructed to keep him under surveillance at all times.

**Order:** It is ordered that the decision of the district director be modified to provide for reduction of the penalty to the extent of $100 over and above the amount of mitigation authorized by him, and that as so modified the appeal therefrom be dismissed. The penalty permitted to stand in this case is $500.